HOUSTON, Justice
(concurring in the result).
Established caselaw holds that there must be a bona fide existing controversy of a *978 justiciable character to confer upon a court subject-matter jurisdiction to grant relief under the Declaratory Judgment Act, Ala.Code 1.975, § 6-6-220 et seq. See the cases collected at 20 Ala. Digest 2d, Declaratory Judgment Key Nos. 61, 62, 64, 65, 66, 67, 68 (1994). I agree that such a controversy is not present here and that this Court is duty-bound to notice ex mero motu the absence of subject-matter jurisdiction. Stamps v. Jefferson County Board of Education, 642 So.2d 941 (Ala.1994). I agree that the trial court did not have subject-matter jurisdiction and, therefore, that it lacked the authority to enjoin Judge Moore from displaying the Ten Commandments in his courtroom or to prevent him from initiating a prayer before jury selection. I do not agree that this Court has the authority, in the absence of a violation of the United States Constitution or the Alabama Constitution, presented to this Court for review in proper form, to tell a trial judge how to furnish his or her courtroom or chambers or that this Court has the authority to tell a trial judge how to conduct proceedings in the courtroom that are not of record. I do not agree with all of the language of the majority opinion or with the implied characterization of the parties’ actions or motivations in litigating the important constitutional issue that they have attempted to resolve in this case. Therefore, I concur in the result.